UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANEKA WASHINGTON,

     Petitioner,

v.                                    Civil Action No. 2:10-cv-10559
                                      Honorable George Caram Steeh

MILLICENT WARREN,

     Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254.  Petitioner Shaneka Washington is incarcerated by the Michigan Department of Corrections currently at the Huron Valley Women's Complex in Ypsilanti, Michigan, where she is serving a life sentence for first-degree murder, concurrent with a term of ten to fifteen years for first-degree child abuse.[1] Washington's convictions occurred on July 26, 2007, following a jury trial in the Circuit Court in Berrien County, Michigan.  She was sentenced on September 10, 2007.  Washington filed this habeas petition on February 10, 2010, alleging that her convictions and sentences are unconstitutional; Washington claims that she was deprived of the effective assistance of counsel when counsel failed to raise an insanity defense, the trial court failed to take into account all mitigating evidence when sentencing her, the trial court erred in sentencing her to a prison term of

_____

[1]They jury also found Washington guilty of third-degree child abuse.  The trial judge granted her jail credit of 203 days against the sentences.

ten to fifteen years for the child-abuse conviction, and the state appellate court erred in denying her

motion for a remand for an evidentiary hearing with respect to the effectiveness of her trial counsel.

For the reasons stated, the Court will deny the petition.  The Court also will decline to issue

Washington a certificate of appealability.

## I. BACKGROUND

The Michigan Court of Appeals summarized the facts of the case.  The recitation of those

facts are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1), and Washington has

not demonstrated through clear and convincing evidence that the summary is incorrect.  Those facts

are as follows.

This case arises from the death of one of defendant's children and serious injuries suffered by two of her other children.  Early in the morning on February 20, 2007, emergency personnel were summoned to defendant's residence; one of her daughters was having difficulty breathing and was unresponsive to treatment.  Two days later, the child died from cranial cerebral trauma, and the death was declared by Dr. Stephen Cohle to have been a homicide.  Defendant's other children were removed from the home.  When medical personnel examined the children, they found a recent "loop-shaped abrasion across her son's abdomen; bruises on his left thigh, bruising on his left buttock, a scar on his right cheek, and an abrasion across his right clavicle."  Another daughter of defendant's had bruises and abrasions on her body, and x-rays revealed that she also had two skull fractures.

Police officers interviewed defendant and inquired about the cause of the trauma to the children.  Defendant offered varying explanations for the childrens' injuries, including that they had fallen off a couch or a bed and that she had lifted the deceased child up by her arms and legs to place her back in the bed.  There was evidence that defendant had complained to her boyfriend, who was incarcerated for reasons unrelated to the children, that she no longer had any freedom because of the children and that she had not "enjoyed [her]self in three years."  Defendant also wrote to her boyfriend, with whom she was to have a child, imploring him, "[p]lease don't make me keep this baby."  During one visit with her boyfriend, defendant told him that "she be whoopin [sic] the kids[,]" that "she throw [sic] them on the floor" when they cried, and that she had punched one of her children in the eye.

Defendant was charged with first-degree child abuse, felony murder, and second-degree murder for allegations relating to her deceased daughter.  She was

-2-

also charged with first-degree child abuse for allegations relating to her other daughter and third-degree child abuse for allegations relating to her son. At trial, defendant denied causing the injuries to her children, claiming that "[m]y baby fell off the bed," and that "anything could happen." However, defendant admitted that she was the only adult present when the injuries could have occurred. Defendant also denied making statements to her boyfriend that she had thrown the children onto the floor. Defendant claimed that she told her boyfriend that she punched one of the children in the eye to see how he would react. As to her deceased child, defendant testified: "I thought my baby had a disable [sic] problem. I was supposed to get on that but I never got a chance to get around to it."

The jury found defendant guilty of first-degree murder, first-degree child abuse, and third-degree child abuse. This appeal then ensued.

*People v. Washington*, No. 281621, 2009 WL 348808, at *1-2 (Mich. Ct. App. Feb. 12, 2009).

Following her sentencing, Washington filed a direct appeal with the Court of Appeals, along with a motion for a remand for a *Ginther*[2] hearing, raising the same claims raised in this habeas petition. The Court of Appeals affirmed her convictions and sentences. *Washington*, 2009 WL 348808, at *1, 5. On June 23, 2009, the Michigan Supreme Court denied Washington's application for leave to appeal the February 12, 2009 judgment of the Court of Appeals. *People v. Washington*, 483 Mich. 1113, 766 N.W.2d 819 (2009) (Table).

Washington neither filed a petition for a writ of certiorari with the United States Supreme Court nor a motion for relief from judgment with the state trial court. Rather, she filed this habeas action raising the same claims raised in the state appellate courts.

Respondent, through the State Attorney General, argues in her answer to the petition that the claims are either procedurally defaulted or meritless.

---

[2]*People v. Ginther*, 390 Mich. 436, 323 N.W.2d 922 (1973). A *Ginther* hearing is a post-conviction evidentiary hearing in the trial court, the purpose of which is to establish the facts that could prove a claim of constitutionally ineffective assistance of counsel.

## II.  STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).  Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

-4-

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of section 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Williams*, 529 U.S. at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The Supreme Court has continued to emphasize the limited nature of this review. In its unanimous decision in *Harrington v. Richter*, 562 U.S. __, 131 S.Ct. 770 (2011), the Court reiterated that the AEDPA requires federal habeas courts to review state-court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Sixth Circuit observed recently that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012). The *Peak* Court suggested that *Harrington* holds that the review standard "is even more constricted than AEDPA's plain language already suggests." *Ibid.*

-5-

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than de novo review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. __, __, 130 S.Ct. 1855, 1862 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Peak*, 673 F.3d at 473-74; *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc).  Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. __, __,131 S.Ct. 1388, 1398 (2011).

With those standards in mind, the Court proceeds to address Washington's claims.


### III.  DISCUSSION

### A.  Claim I–Ineffective Assistance of Counsel

In her first habeas claim, Washington alleges that she was denied the effective assistance of trial counsel because he did not investigate and raise an insanity or temporary insanity defense. The Michigan Court of Appeals addressed this issue and found that counsel was not ineffective.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his or her attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins*, 539 U.S. at 521.

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

-7-

Recently, in *Harrington*, the United States Supreme Court stated:

"Surmounting *Strickland's* high bar is never an easy task." An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom.

Establishing that a state court's application of *Strickland* was unreasonable under [section] 2254(d) is all the more difficult. The standards created by *Strickland* and [section] 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under [section] 2254(d). When [section] 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington*, 131 S.Ct. at 788 (citations omitted).

The Michigan Court of Appeals, though not specifically citing the *Strickland* standard, held

that Washington failed to satisfy either prong. The Court of Appeals reasoned:

Defendant has not provided any affidavits or documentation indicating that she had any medical or psychological condition at the time of the offenses to support her assertion that exploration of an insanity defense might have been reasonable. "Insanity is a burden-shifting affirmative defense, placing the burden of going forward with evidence of insanity on the defendant." Given the lack of any evidence that defendant had a history of mental illness, we cannot find within the record before us, a basis for trial counsel to have raised an insanity defense. Hence, given that there are no facts indicating that defendant was legally insane when she committed the charged offenses, and no support for her claim that she had a meritorious insanity defense, defendant failed to establish the necessary factual predicate of her ineffective assistance claim.

-8-

Moreover, defendant's defense at trial was to deny injuring her children. While a defendant may present inconsistent defenses, [], such an alternate defense would have undermined her defense. The failure of defense strategy does not constitute ineffective assistance of counsel, [], and we will not substitute our judgment for that of trial counsel regarding matters of trial strategy, [].

*Washington*, 2009 WL 348808, at *2 (internal citations omitted).

In Michigan, in order to establish an insanity defense, a criminal defendant must show that, at the time of the offense, she had a mental illness or was mentally disabled and that, as a result, she lacked the substantial capacity either to appreciate the nature and quality or the wrongfulness of her conduct or conform her conduct to the requirements of the law. See MCL 768.21a; *People v. Carpenter*, 464 Mich. 223, 230-31, 627 N.W.2d 276 (2001). After a review of the record, the Court finds that there is nothing in the record indicating that Washington had mental-health problems which prevented her from understanding the nature or the wrongfulness of her conduct or from conforming her conduct to the law. Also, she has not presented any evidence which would demonstrate that an insanity defense was viable or would have prevailed at trial. The fact that Washington's actions toward her children were reprehensible does not mean that she was legally insane at the time.

Against that backdrop, the Court concludes that Washington has failed to establish that trial counsel erred in deciding not to seek a psychiatric evaluation and to forego an insanity defense and rather argue that she lacked the necessary intent to kill her child. The fact that trial counsel's strategy

was ultimately unsuccessful does not mean that he was ineffective. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002).

"There is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" *Harrington*, 131 S.Ct. at 790 (quoting *Yarborough v. Gentry*, 540 U.S. 1 (2003)). Counsel is not required to be a "flawless strategist or tactician" and may not be faulted for a "reasonable miscalculation." *Id.* at 791. In this case, counsel's decision to forego an insanity defense finds support in the record. Thus, the state court's conclusion that counsel was not ineffective is not contrary to, or an unreasonable application of, *Strickland*. Washington is not entitled to habeas relief with respect to this claim.

### B. Claims II and III–Procedural Default and Sentencing Claims

In her second habeas claim, Washington asserts that she is entitled to relief because the trial court failed to consider mitigating circumstances when imposing the sentence for first-degree child abuse. In her third habeas claim, she argues that the trial court erred in sentencing her for several reasons: (1) the trial court failed to consider her rehabilitative potential; (2) the trial court should have departed downward in sentencing her because of her serious mental-health issues; (3) the trial court failed to conduct an assessment of her rehabilitative potential pursuant to statute; (4) the trial court sentenced her without complete and accurate information; (5) her sentence constitutes cruel and unusual punishment; (6) the trial court failed to consider all of the factors used to determine the appropriateness of a sentence; and (7) her sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004). As a initial matter, Respondent argues that Washington's sentencing claims are procedurally defaulted because, although they were raised on direct review, they were unpreserved for appeal by trial counsel's failure to contemporaneously object at trial; contemporaneous objections were not lodged in the trial court, which would serve as an adequate state-law bar. *See People v. Callon*, 256

Mich.App. 312, 662 N.W.2d 501, 513 (2003).  The Michigan Court of Appeals reviewed these unpreserved claims for plain error and considered them to be without merit.

The doctrine of procedural default is applicable where a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent."  *See Brooks v. Tennessee*, 626 F.3d 878, 890 (6th Cir. 2010) (citation omitted).  The state may assert a procedural default when the last, reasoned opinion of the state courts clearly relies on a procedural bar in refusing to consider a claim.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).  If a petitioner is guilty of a procedural default in the state courts, the federal habeas court will only entertain the defaulted issue if petitioner bears the burden of showing cause and prejudice or can show actual innocence.  *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *see also Harrington*, 131 S.Ct. at 787 (same).

In the present case, all of the prerequisites to a finding of procedural default are present.  The Court of Appeals expressly found that Washington's challenge to these claims had not been preserved for review because of trial counsel's failure to make a contemporaneous objection at trial. *Washington*, 2009 WL 348808, at *3-5.  The fact that the court went on to review the issues under a plain-error standard does not constitute a waiver of state procedural default rules.  *See Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *see also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) ("Controlling precedent in our circuit indicates that plain error review does not constitute a waiver of state procedural default rules.").  Consequently, in the usual case, Washington would have the burden of showing cause and prejudice or actual innocence to overcome the default.

However, both the Supreme Court and the Sixth Circuit have indicated that the district court has discretion to ignore a procedural default and proceed directly to the merits of an apparently

defaulted claim, when to do so would be more expeditious than an analysis of the complicated procedural-default question. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008). In the present case, Washington's purported constitutional claims are indisputably meritless, so analysis of the complicated procedural-default issue is unnecessary. The Court, therefore, addresses the merits of her sentencing claims.

### 1. Sentencing Claims

To the extent that Washington argues that the trial court erred in imposing the sentence for first-degree child abuse because it failed to consider mitigating circumstances, her claim lacks merit.

"The Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases." *Engle v. United States*, 26 F. App'x. 394, 397 (6th Cir. 2001) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991)). Moreover, the Due Process and Equal Protection Clauses also are not violated "when the trial court does not consider mitigating factors during sentencing in a non[-]capital case." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002) (denying habeas relief regarding sentencing court's failure to consider mitigating evidence because there is no constitutional right to an individualized sentence). Because this is a non-capital case, Washington's constitutional rights were not violated by the trial court's alleged failure to consider all mitigating evidence. Additionally, to the extent that she asserts that her sentence is disproportionate under state law, she also fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). As noted, there is no federal constitutional right to individualized sentencing. *See Hastings*, 194 F. Supp. 2d at 673; *see also United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995) (same).

-12-

Washington also is not entitled to relief on her claim that her sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin*, 501 U.S. at 965. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). Washington's sentences are within the statutory maximums for her offenses. The state trial court thus acted within its discretion in imposing her sentence and there is no extreme disparity between the crimes and sentences so as to offend the Eighth Amendment.

Washington next argues that her sentence violated her Sixth Amendment right to have a jury determine all facts necessary for an increase in her sentence, as articulated in *Blakely*. This claim is patently meritless. The Sixth Circuit has now authoritatively held that the *Blakely* principle does not apply to judicial fact-finding under Michigan's indeterminate sentencing scheme. *See Montes v. Trombley*, 599 F.3d 490 (6th Cir. 2010); *Chontos v. Berghuis*, 585 F.3d 1000 (6th Cir. 2009).

Furthermore, under the concurrent-sentencing doctrine, Washington is precluded from relief because the conviction she challenges, first-degree child abuse, is a lesser sentence to her conviction for first-degree murder. *See Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989) ("an appellate court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction"); *see also United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992) (same). The doctrine is a discretionary one, *see Hughes*, 964 F.2d at 541, and courts "are admittedly hesitant to apply this doctrine," *Dale*, 878 F.2d at 935 n.3; *see also Winn v. Renico*, 175 F. App'x 728, 732 (6th Cir. 2006) (same). The doctrine is applicable only "when there is no possibility of adverse

-13-

'collateral consequences' if the convictions stand." *Winn*, 175 F. App'x at 732 (citations omitted); *Dale*, 878 F.2d at 935 n.3.  Here, Washington will remain in state custody even if the Court were to grant her relief on this claim.

With that, the Court concludes that Washington is not entitled to habeas relief with respect to these sentencing claims.

**C.  Claim IV–Exhaustion and Error in Failing to Remand for an Evidentiary Hearing**

As an initial matter, Respondent argues that the petition should be dismissed because Washington failed to exhaust her fourth habeas claim.  The Court disagrees.  It appears that Washington filed a motion to remand for an evidentiary hearing with respect to her ineffective-assistance-of-counsel claim.  See Mot. to Remand, 2-12, ECF No. 6-5.  The Court of Appeals failed to address it in its opinion and order denying relief.

However, under *Harrington*, section 2254(d) "does not requires a state court to give reasons before its decision can be deemed to have been adjudicated on the merits."  *Harrington*, 131 S.Ct. at 775.  Rather, when a claim (or motion) has been presented to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits."  *Id.* at 784-85.  Nonetheless, the Court finds this claim noncognizable because it is a state-law claim.

Violations of state law and procedure which do not infringe specific federal constitutional protections are noncognizable claims on federal-habeas review of state-court convictions.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Contrary to Washington's contention, that the Michigan Court of Appeals was required to grant her motion to remand for an evidentiary hearing, relying on *Ginther* and Michigan's court rule 7.211(C)(1)(a), her argument is without merit.  Whether or not the Michigan courts complied with the procedural requirements of Michigan law is not a matter for

this Court to decide on a habeas-corpus review.  *See Baze v. Parker*, 371 F.3d 310, 322-23 (6th Cir.

2004).  Rather, in terms of granting habeas relief, the relevant inquiry is only whether the state-court

decision was in violation of Washington's federal constitutional rights.  *Id.*; *see also Hayes v.

Prelesnik*, 193 F. App'x 577, 584 (6th Cir. 2006) (same).  Moreover, Washington cites no Supreme

Court precedent indicating that a defendant has a constitutional right to an evidentiary hearing in

state court to develop his or her ineffective-assistance-of-counsel claim.  Thus, Washington is not

entitled to habeas relief with respect to this claim.

### D.  Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right

to appeal a district court's denial or dismissal of the petition.  Instead, [the] petitioner must first seek

and obtain a [certificate of appealability.]"  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A

certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the
> showing required to satisfy [section] 2253(c) is straightforward: The petitioner must
> demonstrate that reasonable jurists would find the district court's assessment of the
> constitutional claims debatable or wrong . . . .  When the district court denies a
> habeas petition on procedural grounds without reaching the prisoner's underlying
> constitutional claim, a [certificate of appealability] should issue when the prisoner
> shows, at least, that jurists of reason would find it debatable whether the petition
> states a valid claim of the denial of a constitutional right and that jurists of reason
> would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find its assessment of Washington's

claims debatable or wrong.  The Court therefore declines to issue her a certificate of appealability.

### IV.  CONCLUSION

-15-

The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts.  Washington has failed to establish that she is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, IT IS ORDERED that, Washington's petition for a writ of habeas corpus [ECF No. 1] is DENIED.

IT IS FURTHER ORDERED that the Court declines to issue Washington a certificate of appealability.

Dated:  November 6, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Shaneka Washington #657180, Huron Valley Complex - Women's 3201 Bemis Road, Ypsilanti, MI 48197, on November 6, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

-16-